Sed per cur.

If there has been any injury done herein, or if the jury have refused to receive evidence of the yearly value of the premises, application should have been made to the court from whence the process issued, to quash the inquisition.
The second exception was, that the premises were struck off at a great under value, not -J-th of what they should have produced.
* Sed per cur. This is no ground of relief, if the sale rilf , was fairly conducted, and due notice given. And it appears that the sale was adjourned from the 13th to the 14th May.
The third exception was, that the sheriff had no authority to sell without a venditioni exponas, taken out in due time, on which he had given at least ten days notice before the sale.
The court said, that if the cause progressed, this must be left *406 to the jury as a fact to be decided on- by them, under all the circumstances.
Cited in 6 Watts 140 in support of the decision that it is not the duty of the plaintiff in an execution at the sale of real estate by the sheriff, to make known to bidders the amount of his debt, or whether the property is selling subject to, or clear of encumbrances; nor is it the duty of the sheriff to give any information at the sale on the subject of encumbrance; caveat emptor is the rule which is applicable to all such sales.
Distinguished in 1 W. & S. 528; 2 W. & S. 289.
Referred to in 14 Pa. 78; 1 Parsons 47.
Messrs. Hamilton and Walker, pro quer.
Messrs Duncan, Clarke and Watts, pro def.
The fourth exception was, that the acknowledgment of the deed was premature and rendered the deed invalid. Exceptions to sales by sheriffs cannot be made until the return of the ven-ditionis; and the sheriff cannot be compelled to return them, until the days therein commanded. The acknowledgment of such deeds on a prior day, would effectually defeat all applications for relief, let the case be ever so gross.
The plaintiff’s counsel answered, that they had substantially complied with the law, by giving notice to the defendant, to appear at November term 1800, to make his objections to the acknowledgment. After the first error committed, every thing had been done, which was in the plaintiff’s power; and he was not in-fault, that the Court of Common Pleas did not proceed on the notice served. sThe effect would be, that every thing was now open for investigation, and every objection might be made, as if the parties were before the Court of Common Pleas, on a motion to set aside the. sale.
Sed per cur. The acknowledgment of a sheriff’s deed is necessary to give it validity. The act of 1705, § 4, (1 St. Laws, 69,) directs that the deed shall be duly executed and acknowledged in court, as has been heretofore used upon the sheriff's sale of lands. The premature acknowledgment of the deed on the 15th May 1799, is of no effect whatever. And with respect to the notice served in October 1800, we can take no judicial information of it, being subsequent to the day of the demise laid in the declaration.
The plaintiff suffered a nonsuit.