The opinion of the Court was delivered by
Gibson J.
Where a will is impeached for imbecility o£ mind in the testator, together with fraudulent practices by the devisees, the intrinsic evidence of the will itself, arising from the unreasonableness or injustice of its provisions, taking into view the state of the testator’s property, family, and the claims of particular individuals, is competent and proper for the consideration of the jury. The issue of devisavit ~oel non involves the validity of the execution, and not the contents ; yet the contents, as far as they have a bearing on the question of execution, are pertinent, and with this view, the whole will is usually read. But the particular provisions of the will could have no practical influence on the question, without evidence of the circumstances and condition of the testator’s family and property; for it is only by a comparison of these with each other, that an inference arises, as to the sanity of his mind, and its freedom of action. To justify a jury in invalidating a will, from its intrinsic evidence only, would require an extreme case, perhaps such as never can occur; but the disposition of the property, may be so utterly absurd or unjust, as to induce a reasonable belief, that no man in his senses, and uncontrolled by an improper influence, would make it; and there may heneases, where this internal evidence, added to other proof, which would of itself, leave the question doubtful, ought to turn the scale. In fact, the evidence of practice on the intellects of a weak man, is usually compounded of ingredients so various in their nature, and remote in their consequences and connection, that the question of relevancy, is often of very difficult solution. In such a case, the Court should lean in favour of admitting the evidence, to enable the jury to judge from a consideration of all the circumstances. Here the testator ordered, that his wife should have “ her gold watch, with all her wearing apparel, her saddle and bridle, with her spinning wheel and reel;” and this is the whole provision that is made for her. In connection with evidence of a conspiracy *57 between the father and mother of the testator, and in connection with evidence of fraud and imposition on the testator’s wife, the defendant offered to shew, that the estate came by the wife, that it.was valuable, and that she had been practised upon, to induce her to consent, that it should be turned from real to personal estate, to give the testator a disposing power over it. How far this should operate, to shew feebleness of mind in the testator, or imposition on him by his father and mother, is not for present consideration : but as a conspiracy was offered to be proved, and as these were circumstances connected with it, which might, at least, explain its motive and object, we cannot say, the evidence was altogether impertinent. Taken in connection with other matters, it may have had a very powerful, and very proper influence, on the event of the cause ; and we think it was rightly submitted to the jury.
Judgment affirmed.