The opinion of the Court was delivered by
Gibson J.
The plaintiffs below are the heirs of Alice and Ann Murphy, the devisees of Cornelius Murphy, under whom the defendant also claims. John Riddle, who devised the premises to the defendant, and who was also the administrator of Cornelius Murphy, confessed a judgment on which the land was sold, and became himself the purchaser. The questions below, which are again agitated here, were : 1. Whether, if the cause were with the plaintiffs on all the other points, they would not, nevertheless, be bound to shew title in Cornelius Murphy, at the time of his death : 2. Whether it sufficiently appeared that Alice and Ann Murphy were dead : 3. Whether the plaintiffs could recover without first tendering a sum sufficient to cover the purchase money, costs, and any improvements that may have been made by Riddle the purchaser, or the defendant his de~ *235 visees—to which is added, here; 4. That the Court gave a binding direction as to matters of fact.
1. Both parties claim under the same title ; it is too clear, therefore, for argument, that the plaintiffs were not bound to trace back their title beyound Cornelius Murphy. If there was a title adverse to his, either in the Commonwealth or a third person, it lay on the defendant to shew it.
2. Whether Alice and Ann Murphy were dead at the bringing of the suit, was a question of fact; and we cannot look into the record to see whether there was sufficient evidence to warrant the verdict. But it is objected that the jury were instructed, that a legal presumption of death arises from absence for seven years, where the party has not been heard of within that period.—Nothing like this is found in the record. As the title of Cornelius Murphy was only inchoate, and as the plaintiffs had been out of possession for more than seven years, it was insisted that the fifth section of the Act of Limitations of 1785, interposed a bar. The Court, very properly, charged, that if the sale was fraudulent, the act began to run against the devisees of Cornelius Murphy, or those who represented them, only from the time the fraud became known to the person then having the title. There was no proof that Alice or Anne, on whom the title first devolved, ever knew of the fraud, or indeed, of their interest in the land ; but the plaintiffs were long acquainted with whatever fraud may have existed; the Court therefore charged that if, by the death of Alice and Anne seven years before the inception of the suit, the title was united, in the persons of the plaintiffs, to a knowledge of the fraud, they would be barred. It is plain, therefore, the direction-was different from what it is said to have been. In speaking directly to the evidence of death, the Court, after stating it, say that it may afford ground to satisfy the jury that Alice and Anne were dead before the suit was commenced; and then state, as a rule, that proof that a person has not been heard of for many years is prima facie evidence of his being dead;—.and conclude with telling the jury, that if the circumstances in evidence, were sufficiently strong to raise a presumption that Alice and Anne had died within seven years before the bringing of the suit, every difficulty before presented by the Statute of Limitations, was removed. The Court therefore specified no time as suffi *236 cient to raise a legal presumption of the death of an absent person ; but submitted thé matter as, (what it must always necessarily be,) a pure question of fact, to be decided from a consideration of the whole case. rIhe objection on this ground, therefore, fails.
3. The plaintiffs claimed under an equitable title ; and to succeed, it was necessary to prove such a fraud in Middle, the administrator and purchaser, as would induce a Court of •Equity to treat him as a trustee, and compel him to reconvey j and this is what the Court mean, when, in answer to a question about the necessity of a tender, they say : “ if you bring the case to that point, a tender is not necessary.” That is ; the plaintiffs cannot recover unless they shew that a fraud was committed ; without which, it will be unnecessary to consider the effect of want of tender ; but if you bring the-case to the point at which the consideration of it does become necessary, we are of opinio'n a tender is not essential. Here the plaintiffs had put their case on the proof of a nefarious fraud ; and although the maxim, that he who has committed iniquity shall not have equity, does not extend to the case of a defendant, still I think that independent of this, the defendant had not, under the circumstances of the case, such an equity as would entitle him to insist on having any thing refunded. It did not, and cannot, appear that the money advanced, was paid on a judgment for a bona Jtde debt of the estate. But taking it that the debt had not been trumped up for the occasion, and that the fraud consisted in permitting the land to be sold for a debt while assets sufficient to discharge it were in the administrator’s hands, it is plain the money paid oh the judgment is to be considered as an advancement out of the funds of the estate, for which the administrator would be entitled to a credit, on the settlement of his account. He could not claim to be reimbursed in the character of a purchaser; for if the sale was fraudulent, it was a nullity. But take it that the money was advanced out of the administrator’s own pocket, and that he afterwards charged himself with, and settled for, the assets actually in his hands at the time of the sale : still the real estate is liable only secondarily, and in aid of the personal estate, which is the appropriate fund for payment of debts ; and, therefore, if the advancement was a charge on the whole estate, it could *237 come on the land, only on a supposition that the administrator had it not in his power to apply the personal estate ; which is directly the reverse of a fact necessary to be assumed before the question can arise. But further; if the defendant could hold till he should be reimbursed for the advancement of his devisor, it would, in effect give him power to appropriate the real estate to the payment of the debts, in the first instance; and, even if it were otherwise, I know not how he could retain possession, where the money must be considered as advanced by him, not in the character of a purchaser, or on the credit of the sale, but in discharge of his duty in the payment of a debt. His claim to compensation for improvements stands on worse grounds still. Thu entry of the administrator, in the guise of a purchaser, was by fraud, and, therefore, no better than an entry without even colour of title ; and it would be monstrous to permit a wrong doer.to retain the possession against the lawful owner, till he should be reimbursed lor improvements that may have been even, an injury to the inheritance. This objection also fails.
4. The last assignment of error is, that the Judge gave a binding direction as to matters of fact. We all readily agree as a general rule, that where facts are withdrawn from the jury, there is error; but the difficulty is to apply it to particular cases. A Court will not reverse, unless for plain and obvious error. Where therefore the Judge has not expressly assumed the office of the jury, the inference, that the latter must have understood the expression of the Court’s opinion, as an inhibition to judge of the truth of the facts, ought to be a necessary and a natural one. A bare suspicion, that they were misled as to the extent of their powers, will not be sufficient. I would apply to such a case, the same measure of probability, which governs where there is a direction in matter of law, right in itself, but so imperfect and obscure that there may be some reason to apprehend the jury misconceived the law : in which case I hold, that obscurity is not error, where it is no greater than to lead to a suspicion that the jury were misled ; for no expression of opinion can be so explicit as to preclude every possibility of misapprehension, and, as I have already said, a Court should not reverse unless the error is plain and palpable. 1 have carefully examined this record, without being able to discover any thing *238 to give rise, even to a suspicion, that the jury thought themselves precluded from deciding any of the facts; and I, therefore, cannot say there is error. On this subject the cases have already gone as far as the doctrine is convenient, and I am not prepared to take an inch of ground in advance. The judgment is affirmed.
Judgment affirmed.