## Gilbert *against* Hoffman.

When a vendee is guilty of actual fraud in procuring a title to land, no title passes to him whether the sale be private or judicial.

Where one enables himself to become a purchaser of land at a sheriff's sale by the commission of a fraud, no title is vested in him by the sheriff's deed, and the former owner of the land may recover the same in ejectment without offering to refund to the purchaser the money which he had paid to the sheriff.

APPEAL from the circuit court of *Adams* county.

Ejectment for two hundred and twenty acres of land by Daniel Gilbert against Barnhart Hoffman.

Leonard Gilbert died seised of the land in dispute, having by his will devised it to his son Daniel Gilbert, the plaintiff in this suit. Upon a judgment against Leonard Gilbert's executors, the land was levied and sold by the sheriff to Barnhart Hoffman the defendant, who received a deed therefor.    On the trial of the cause, the plaintiff alleged that Hoffman, previously and at the *time of the* sheriff's sale, had fraudulently misrepresented the quality and condition of the land, so as to enable him to purchase at a low price, which he did. The defendant's counsel requested the court to charge the jury that the plaintiff could not recover without having previously tendered and offered to pay to the defendant the money which he had bid and paid to the sheriff.    The court was of this opinion, and so instructed the jury, who, accordingly, found a verdict for the defendant.

This instruction of the court was made the subject of a motion for a new trial, which was overruled, and the plaintiff appealed.

*Penrose*, for appellant.
*Stevens*, contra.

The opinion of the Court was delivered by

ROGERS, J.—Daniel Gilbert, who was the devisee of Leonard Gilbert, brought an action of ejectment to recover the premises in question.    It is admitted that the property belonged to Leonard Gilbert, that Leonard died indebted, and that the land was sold on a judgment against his executors.    The defendant purchased the property for 2066 dollars at the sheriff's sale, and on the 26th of August 1825 the sheriff acknowledged a deed to him for the premises.

The plaintiff charged the defendant with fraud, and the question is, admitting the fact, can the plaintiff recover without tendering or bringing into court the 2066 dollars, paid by the defendant to the sheriff.

The construction of the statutes of fraudulent conveyances has

always authorized the party seeking the benefit of them, to treat a fraudulent gift as *void*, so that the case, as to him, is the same as if no such gift had been made. Whenever a man makes a fraudulent gift of his goods or chattels, and dies indebted, the rule, upon the 13 *Eliz. c. 5*, has always been to construe the gift as *utterly void* against all his creditors, and the debtor to have died in full possession with respect to *their* claims; so that the effects are just as much assets in the hands of the personal representative as to creditors, as if no such attempt to alien had been made. Bethel *v.* Stanhope, *Cro. Eliz.* 810. And with respect to real estate, Lord Coke lays it down as a rule in *Fermer's case*, that a covinous conveyance to prevent assets from descending is nothing worth. *3 Rep.* 78. Therefore, in an action of *formedon*, where the warranty with assets descended was pleaded in bar, and the demandant replied *reins per descent*, and the jury found a fraudulent feoffment to prevent the descent, the assets were considered to have descended notwithstanding the feoffment. *Dyer* 295 *b, pl.* 16. And according to the greatest authorities, says *Roberts*, in his *Treatise on Fraudulent Conveyances* 596, a *covinous* conveyance of land is *no* conveyance, as *against* the interest intended to be defrauded, and ought, by the strict rules of good pleading, so to be treated, when a party is seeking to avail himself of the protection of the statutes of fraudulent conveyances. The same principles are decided in M'Clurg *v.* Lecky, 3 *Penn. Rep.* 94, and Riddle *v.* Murphy, 7 *Serg. & Rawle* 236. It results from these authorities, that when there is actual fraud, no title passes to the vendee, whether it be a private or judicial sale. The title is void to all intents and purposes, and is the same as if no deed had ever been executed. A fraudulent conveyance is no conveyance, as against the interest intended to be defrauded. If, then, the title of the defendant is utterly void, on what principle is he entitled to a return of his money, or to be reimbursed the value of his improvements.

It is certainly not the duty of a court to protect the interest of a person who has been detected in an attempt at fraud. The devisee whom the vendee intended to defraud (for the attempt affects him as well as creditors) asks the aid of the statute against this fraudulent conveyance, on the ground, that his title cannot be affected by a fraudulent sale. His right is strictly at law, for fraud is cognizable in a court of common law, as well as in equity. He cannot be affected by the maxim, that he who asks equity, must do equity. A fraudulent vendee has no equity; and is not entitled to claim the protection of the court on that ground. The maxim applies only in those cases in which application is made for relief against a hard and unconscientious bargain (as cases of usury), or where a contract is fraudulent by construction of law only, as being contrary to the policy or provisions of some particular statute. When a person under such circumstances seeks relief, the maxim applies, that he who asks equity must do equity. The rule has no applica-

[Gilbert v. Hoffman.]

tion to cases of actual fraud. It would be against good policy that it should ; for it would act as an encouragement to unfair dealing. A man might gain, but he could not lose by his frauds. If he succeeded, he would reap the fruits of his knavery ; but if detected, he would be entitled to a return of his money, and, moreover, to be reimbursed to the value of his improvements. This point came before the supreme court of New York in Sands et al. *v.* Codwise et al., 4 *Johns. Rep.* 598. That was the case of a conveyance to defeat creditors. The grantees contended, that notwithstanding the deeds were void, yet they ought to stand as a security to reimburse them their advances, and to indemnify them against outstanding liabilities, for the grantor. This the court refused, because there was actual fraud, and they took the distinction between actual and legal fraud. There is no instance, says Chief Justice Kent, to be met with, of any reimbursement, or indemnity afforded by a court of chancery, to a *particeps criminis*, in a case of positive fraud. In Smith *v.* Loader, *Prec. in Cha.* 80, the party advancing money to an agent, under a combination with him to cheat the principal, lost his whole security from the principal, for the money actually advanced to the agent. It is fit and proper such a result should take place, as a contrary course might afford countenance to fraud, by giving it a partial effect. It would not become a court of equity to take a single step to save a party harmless, detected in a combination to cheat. No right can be deduced from an act founded in actual fraud. *Nemo ex proprio dolo consequitur actionem.* And in Riddle *v.* Murphy et al., 7 *Serg. & Rawle* 256, it was decided, that if an administrator purchase the land of an intestate at sheriff's sale, on a judgment recovered for an alleged debt of the intestate ; in an ejectment afterwards brought by the heirs of the intestate, who allege the judgment to be fraudulent, if it do not appear that the debt was *bona fide*, and if the administrator had assets to pay it, they may recover the land against the administrator on the ground of fraud, without previously tendering the money paid by him, or the value of his improvements. This case determines two points : that the heirs can take advantage of the fraud ; and that it is not necessary to tender the money previous to the commencement of the suit. Nor is it pretended, that under such circumstances, the heirs must bring the money paid by the administrator into court. It goes upon the same principle as is asserted in Sands *v.* Codwise ; that by the fraud, the defendant has forfeited all right to the money paid. In the case at bar, Daniel Gilbert has a title to the land, as the devisee of his father Leonard, which is not in the slightest degree impaired by the deed of the sheriff, which is *ab initio* void, by reason of the fraud practised at the sale. As devisee, he has a right to the possession as against every person, except creditors. 1 *Johns. Cha. Rep.* 479 ; 7 *Johns. Cha. Rep.*

This opinion, it must be observed, is grounded on the assumption, that the purchaser was guilty of such fraud as avoids the sheriff's

[Gilbert v. Hoffman.]

sale.   Whether there was actual fraud, will be for the jury to decide on another trial.

New trial awarded.