[Philadelphia, January 21, 1834.]

BAKER *against* LEWIS.

IN ERROR.

The expression, by the court, of an opinion upon the evidence, even if incorrect, is not the subject of a writ of error.   But if the court give a binding direction on the facts, and thus withdraw them from the jury, it is error.

To tell the jury that where a testator is of sound mind, and not under undue influence, he has a right, which cannot be controlled, to make such disposition of his property as he pleases, and that under such circumstances, the reasonableness or otherwise, of his testamentary dispositions is of no consequence, is not error.   But to instruct them that the contents of the instrument are not evidence, however unreasonable and absurd its testamentary dispositions may be, even where its execution is impeached on the ground of fraud and imbecility of mind in the testator, is error.

Writ of error to the Court of Common Pleas of *Delaware* County. The defendant in error was the plaintiff below.

The nature of the case, and the points decided, sufficiently appear from the opinion of the Court, which, after argument by *Dick, S. Edwards* and *Kittera*, for the plaintiff in error, and *Lewis, J. Edwards*, and *Tilghman*, for the defendant in error, was delivered by

Rogers, J.—This was a feigned issue, directed by the Register's Court to the Court of Common Pleas of *Delaware* County, to try the validity of a writing, purporting to be the last will and testament of *Azariah Lewis*, deceased.   The plaintiff and principal devisee examined the three subscribing witnesses to the will, two of whom deposed, that he was of sound disposing mind, &c. at the time the instrument of writing was executed; the other, that he was sane at the time it was signed.   The defendant opposed the probate of the will, on two grounds ; *first*, imbecility of mind, caused by age and infirmity, and *secondly*, undue influence exercised over the testator, by his son *Robert*, the principal devisee, either by himself, or at his instance.

(Baker *v.* Lewis.)

To these points many witnesses were examined, who proved facts, going to the execution of the instrument, which, if believed by the jury, entitled the defendant to a verdict.

The remarks attributed to the court in the first exception, are but the expression of an opinion on the evidence, which, if even incorrect, is not the subject of error. It is not an error of which a superior court can take notice, if there should have been any mistake or want of accuracy in remarking on the facts. *Poorman* v. *Smith's Executors*, 2 *Serg. & Rawle*, 467. If the court had given a binding direction on the facts, it would have been otherwise, for where the facts are withdrawn from the jury, it is error. *Riddle* v. *Murphy et al.* 7 *Serg. & Rawle*, 237. But this the court have not done, for the decision of the facts is referred to the jury in language which we cannot misapprehend. A mistake of the evidence by the court can only be remedied at the time, or on motion for a new trial.

The remaining objection, (for I shall not notice the exceptions which were abandoned on the argument) is of a more serious character. After some preliminary statements, the correctness of which cannot be doubted, the court remark to the jury: "And you will recollect, that upon the facts given you in evidence, you are to make up your minds; and that the reasonableness or otherwise of the dispositions contained in the paper before you, forms no part of your consideration." If the court had said, as it is contended by the counsel they intended to say, that where a testator is of sound mind, and not under undue influence, he has a right, which cannot be controlled, to make such disposition of his property as he pleases, there would have been no error, for without doubt, under such circumstances, the reasonableness, or otherwise, of the dispositions would have been of no consequence. But this is not the fair import of this part of the charge, nor could it have been so understoood by the jury. The direction amounts to this, that the contents of a will are not evidence, however unreasonable or absurd its provisions may be, even where the execution of the instrument is impeached on the ground of fraud, or imbecility of mind in the testator. This is a position as contrary to authority as it is to principle. Where a will is impeached for imbecility of mind in the testator, together with fraudulent practices by the devisees, the intrinsic evidence of the will itself, arising from the unreasonableness or injustice of its provisions, taking into view the state of the testator's property, family, and the claims of particular individuals, is competent and proper for the consideration of the jury. *Patterson* v. *Patterson*, 6 *Serg. & Rawle*, 55. It is not only proper, but in some cases, in connection with other circumstances, it may be evidence of a most decisive kind. Whether that was the case here, we are not called upon, nor would it be proper for this court to say.

Judgment reversed, and a *venire de novo* awarded,