## M'Kennan *against* Pry.

If an action of ejectment be brought to enforce the execution of a trust, there can be no recovery, without an offer to reimburse the trustee the moneys which he has expended; but if a recovery be sought on the ground of a fraud practised by the defendant, then no such offer is necessary.

In an action of ejectment to recover a tract of land purchased at sheriff's sale by the defendant, on the ground of a fraud practised by him in making the purchase, after proof of the fraud, it is competent to give evidence that other persons were prevented from bidding, by the alleged fraudulent act of the defendant.

ERROR to the special court of *Mifflin* county.

This was an action of ejectment by the heirs at law, Patrick Pry against Patrick M'Kennan, to recover a tract of land.

It was admitted that Patrick Pry died seised of the land, and that the plaintiffs were his heirs at law.

The defendants then gave in evidence the record of a judgment against Patrick Pry's administrator, an execution, levy and sale of the land by the sheriff to Patrick M'Kennan, the defendant, and the sheriff's deed to him, dated the 19th of January 1825, in consideration of 140 dollars.

The plaintiffs alleged that the purchase was fraudulent, and called a witness, who proved that he went to the sale to buy the land, and bid for it, when M'Kennan came to him and said that he wished he would not bid, as he was buying the land for the widow and children of Patrick Pry. The witness then ceased to bid. Other witnesses were then called, by whom the plaintiffs offered to prove that they were at the sale, and were deterred from bidding by the rumour, at the time, that M'Kennan was buying the land

VI.—s

[M'Kennan v. Pry.]

for the widow and children. This evidence was objected to, but the objection was overruled, and exception taken by defendants.

The court below (Reed, president) in answer to points propounded to them by the defendant's counsel, instructed the jury, that the plaintiffs' right to recover was not founded upon the allegation of a trust, but of a fraud on the part of the defendant: that if the jury believed that no trust existed between the parties, but that the defendant made use of the names of the plaintiffs, at the time of the sale by the sheriff, for the fraudulent purpose of preventing others from bidding, and to enable him to buy the land at a reduced price, the plaintiffs were entitled to recover without refunding, or offering to refund to the defendant the money which he paid for the land to the sheriff.

The admission of the evidence mentioned in the bills of exception, and this charge of the court, were assigned as error.

*J. Fisher*, for plaintiff in error, cited 8 *Serg. & Rawle* 484; 1 *Rawle* 408.

*Parker* and *Benedict*, contra.

The opinion of the Court was delivered by

ROGERS, J.—If the defendant was a trustee, it cannot be doubted that the plaintiffs could not recover, without payment or tender of the purchase money; but this the plaintiff denied, and the cause went to the jury on the ground that the defendant had been guilty of fraud, and the jury having so found, this cannot be distinguished, in principle, from Gilbert *v.* Hoffman, 2 *Watts* 66. No objection can be taken to the charge; for if the vendee alleged that he was purchasing for the children, when, in truth, he was purchasing for himself, it was not incumbent on the plaintiff to show, or the jury to find, that the plaintiff was actually defrauded out of any certain sum. If the defendant designed a fraud by using the falsehoods imputed to him, and gained his object in purchasing the land, without a fair competition, it was such a fraud as vitiated the sale.

The objection to the evidence cannot be sustained. After having proved the declarations of M'Kennan that he was bidding for the children, it was competent to show, by the testimony of others who were present at the time of the sale, that they left off bidding in consequence of a report that M'Kennan was purchasing the property for the benefit of the family. The other exceptions have not been pressed.

Judgment affirmed.