## Mary A. McGeary, Appellant, *v.* William C. Jenkins and the Artisans' Building and Loan Association.

*Sheriff's sale—Fraud—Tender—Equity.*

Where a purchaser at a sheriff's sale and the execution creditor have been guilty of a fraudulent combination in connection with the sale, a bill in equity may be maintained by the defendants in the execution to compel a reconveyance of the property, without a previous tender to the purchaser of the amount expended by him in the purchase of the property.

On a bill in equity to compel the reconveyance of property sold at a sheriff's sale under a building association mortgage, it appeared that the plaintiff had owned the property in question, and that the defendant promised to secure a stay of the sale by using certain money which the plaintiff had given him, and other money which he was to advance himself. The building association refused to postpone the sale, and the defendant, without notifying the plaintiff, entered into an agreement with the association by which he was to bid in the property for a sum which would pay the building association, but which was not equal to the value of the property. There was a material disagreement between the plaintiff and the defendant as to the amount due on her debt to the association, as to the amount advanced by defendant, and as to the amount furnished by plaintiff. *Held*, (1) that a tender by plaintiff to defendant of the amount expended by him in the purchase of the property was not a prerequisite of a right to maintain the bill; (2) that plaintiff was entitled to a reconveyance on reimbursing the defendant for his expenditures; (3) that the matters in the bill were not res adjudicata, since the plaintiff was not seeking to invalidate the sale, but merely to obtain a reconveyance of the property sold, on the ascertainment and reimbursement of defendant's expenditures; (4) that the court below should not have dismissed the bill, but should have ascertained the amount of defendant's expenditures and decreed a reconveyance of the property conditioned upon the payment by the plaintiff of the amount ascertained to be due to the defendant.

Argued Jan. 19, 1898.   Appeal, No. 313, Jan. T., 1897, by plaintiff, from decree of C. P. No. 1, Phila. Co., Sept. T., 1895, No. 372, on bill in equity.   Before GREEN, WILLIAMS, MC-COLLUM, MITCHELL and DEAN, JJ.   Reversed.

Bill in equity to compel the reconveyance of real estate purchased by defendants at a sheriff's sale.   Before BIDDLE, P. J.

The bill averred that the complainant was seized of premises No. 2229 Seybert street, No. 1338 North Twenty-third street, and No. 1703 North Fifteenth street; that March 2, 1895, she borrowed of the Artisans' Building and Loan Association $2,200, secured by a mortgage on the premises; that a judgment was entered on the bond, and damages assessed, October 21, 1895, at $2,396.23, without allowing credit for payments, although she had paid about $352, the same being subject to correction, as the complainant's book was in the possession of the association; that a writ of vend. ex. issued October 16, 1896, for the sale of the premises; that the complainant gave to Mr. Jenkins, who was boarding with her, $220, he offering to advance the balance to pay the arrearages to the building association; that

he did so advance the money and paid the arrearages on Monday before the sale, and subsequently made an arrangement with the attorney of the building association, to which the complainant was not a party, for the sale to go on and the properties to be bid in by Jenkins, and in pursuance thereof they were bid in by Jenkins for $3,600; that the complainant applied for a rule to set aside the sale, which rule was discharged without a hearing on the merits; that the defendant, Jenkins, had received the deed from the sheriff, and had caused the premises to be advertised for a public sale to be held by Davis & Harvey, auctioneers; that the attorney for the building association receipted to the sheriff for $2,613.43, without allowing credit for the amount she had paid on the bond and mortgage; that William C. Jenkins, by previous arrangement and agreement with the attorney of the building association, was to take a new loan of $2,000 on the property, to assist in the bidding; that immediately upon the acknowledgment of the deed by the sheriff, and in pursuance of the agreement, above stated, a mortgage, which had been previously written, was acknowledged on the same morning of the acknowledgment by the sheriff of his deed, and the said mortgage was recorded at 10:30 A. M.; that the properties are worth $6,500 above the first incumbrances; that plaintiff has offered, and still offers, to repay Jenkins the money, and has asked for a reconveyance.

The prayers were (1) for an injunction to restrain Jenkins from selling the premises; (2) that an account be taken, and upon the repayment Jenkins be decreed to reconvey the premises; (3) for relief against the Artisans' Building and Loan Association; (4) for general relief.

The answer admitted that Jenkins received $220 from the complainant the morning of the day of sale, averred the payment of $341.18 to the attorney of the building association, admitted their agreement to let the sale go on and that Jenkins should buy in the property for $3,600, and denied that any tender had been made.

The court dismissed the bill on the ground that no tender of the money expended by the defendant had been made, and that the subject-matter of the bill was res adjudicata.

*Error assigned* among others was decree dismissing bill.

*David C. Harrington*, for appellant.—The complainant is entitled to credit in paying Jenkins the amount she has paid to the building association: Tindle's App., 77 Pa. 201.

Courts of equity can bring before them all parties interested in the subject-matter of litigation, and adjust the rights of all: Heindel v. Southern Penna. Mut. Relief Assn., 3 York Leg. Rec. 204; Manfg. N. Gas Co. v. Douglass, 130 Pa. 283; Myers v. Bryson, 158 Pa. 246; Socher's App., 104 Pa. 609; McGowin v. Remington, 12 Pa. 56; Shollenberger's App., 21 Pa. 337; Story, Eq. Juris. sec. 64 k; McGinn v. Benner, 180 Pa. 396; Johnston v. Price, 172 Pa. 427; Allison's App., 77 Pa. 221.

No tender was necessary: Riddle v. Murphy, 7 S. & R. 230; Gilbert v. Hoffman, 2 Watts, 66; Hogg v. Wilkins, 1 Grant, 67; Sharp v. Long, 28 Pa. 443; Small v. Jones, 1 W. & S. 128; Abbey v. Dewey, 25 Pa. 413; Logue's App., 104 Pa. 136; Conyngham's App., 57 Pa. 474.

The discharge of the rule to set aside the sale was not conclusive: Gordinier's App., 89 Pa. 528; Frauenthal's App., 100 Pa. 290.

*A. S. L. Shields*, with him *John H. Sloan*, for appellees.—The case presented on bill and answer is simply the ordinary case of property claimed by one party plaintiff in the possession of another party defendant. The parties stand in no relation to each other that would give jurisdiction, and there is no complication of accounts or other ground of equitable relief: Messimer's App., 92 Pa. 168; Leininger v. R. R. Co., 180 Pa. 287.

The discharge of appellant's rule of January 9, 1897, to set aside the sheriff's sale is res adjudicata.

OPINION BY MR. JUSTICE McCOLLUM, October 17, 1898:

The plaintiff's bill appears to have been dismissed on the ground that the eleventh paragraph of it was not sustained by the evidence, and that the other matters included in it were res adjudicata. It is averred in the eleventh paragraph of the bill that the plaintiff offered and still offers to repay defendant Jenkins any money expended by him in the purchase of the property to which this litigation relates, and that she requested and still requests from him a conveyance of said property to her on her repayment of the money so expended. In other

parts of the bill it is averred, inter alia, that the purchase of the property by Jenkins was in pursuance of an arrangement between him and the Artisans' Building and Loan Association which was unknown to the plaintiff and in fraud of her rights. A particular reference to each and every averment in the bill or to each and every answer made thereto by the defendants or one of them is unnecessary. The bill clearly presented a case for the intervention of a court of equity for the preservation and protection of the rights of the parties, and a tender of the amount expended by Jenkins in the purchase of the property was not, under the circumstances, necessary to the maintenance of it. In an action of ejectment for the possession of land sold under an agreement between the purchaser and a mortgage creditor, which agreement is in fraud of the rights of the owner and his judgment creditors, a tender of the money expended by the purchaser in the perpetration of the fraud is not a prerequisite to the institution of the suit. "Where one about to bid upon property at a sheriff's sale falsely represents that he is buying for the defendant in the execution, and by such false representation prevents competition, and becomes the purchaser at an under price, the sale would be void for actual fraud, and might be set aside by the former owner or a subsequent purchaser without first paying or offering to pay the price bid for the property at such fraudulent sale:" Sharp v. Long & Brady, 28 Pa. 439. The question whether a tender or reimbursement of the money expended by a purchaser who is a party to the fraud is a condition precedent to a proceeding to set aside the sale or to an action of ejectment for the recovery of the land to which the fraud relates is fairly answered by the following cases which clearly show that the fraud dispenses with a tender, and denies to the participant in it a reimbursement of the expenditures she incurred in the perpetration of it: Riddle v. Murphy, 7 S. & R. 230; Gilbert v. Hoffman, 2 Watts, 66; Smull v. Jones, 1 W. & S. 128; Abbey v. Dewey, 25 Pa. 413; Sharp v. Long & Brady, supra.

In the case at bar the plaintiff is not asking for a conveyance of the land to her without reimbursement of the purchaser for the money expended or advanced by him in accordance with the understanding between them. That it was mutually understood by the parties that the money furnished by the plaintiff

to defendant Jenkins, together with the money he agreed to advance for her, was to be paid to the Artisans' Building and Loan Association to prevent a sheriff's sale of her property, sufficiently appears in the averments of the former and the answers of the latter.  It is not claimed in Jenkins's answers to the averments in the bill that prior to the sheriff's sale he informed the plaintiff of his agreement with the Building and Loan Association, or of its refusal to stay execution.  In the absence of notice from him of such agreement or refusal she might have reasonably inferred that he, by payment to the association of the money she furnished to him and of the money he agreed to advance for her, had obtained a stay or postponement of proceedings for the sale of her property.  But aside from the question of fraud in the sale there is ample ground on which to sustain the bill.  It appears to have been understood and intended by the plaintiff and Jenkins that the money furnished and the money to be advanced as above stated should be paid to the association in satisfaction of the sums for which the plaintiff was then in arrear, and that on payment of the same the proceedings for the sale of her property would be stayed.  The fourth averment in the plaintiff's bill and the fourth paragraph in Jenkins's answer to it, considered separately or together, are evincive of their mutual expectation of a postponement of the sale as the result of such payment.  But this expectation was defeated by the refusal of the association to comply with their request, and thereupon the property was sold and conveyed to Jenkins under and in pursuance of an agreement he made with the association.  The money intended to be used in payment of the arrears was invested by Jenkins in the purchase of the property, and although he claims to have an absolute title it is obvious that the plaintiff is entitled to a conveyance on reimbursing him for his expenditures, the amount of which is not made clear by his answers.  In fact there is a material disagreement between the plaintiff and the defendants as to the amount due on her debt to the Building and Loan Association, as to the amount advanced by Jenkins, and as to the amount furnished by her to him.  A tender under such conditions is not required, or practicable : Conyngham's Appeal, 57 Pa. 474.  The questions raised by the bill are not res adjudicata.  The plaintiff is not seeking by it to invalidate the sale, but to obtain

from the purchaser a conveyance of the property on the ascertainment and reimbursement of his expenditures. Besides she avers in the bill that she was not allowed a hearing on the rule to set aside the sale. In view of the averments and answers the learned court below, instead of dismissing the bill, should have investigated the accounts to determine the proper credits to be allowed for payment to the Building and Loan Association, if any, and the amounts properly expended by Jenkins, and a decree should thereafter have been entered for the conveyance of the property to the plaintiff, conditioned upon the payment by her of the amount found to be due to him, within a reasonable time fixed by the decree. Upon reinstatement of the bill and investigation of the matters referred to all competent evidence relevant in the adjustment of such matters should be received.

Decree reversed and bill reinstated, the costs to be paid by the appellees.