The court took time, till the 25th April, to consider, and this day gave judgment.
 

 *Chew, Chief Justice.
 

 The question in this case is, whether Hughes can have the same defalcation against Wheeler, which he could have had against Baynton, if this bond had not been assigned ?
 

 It was contended for the plaintiff, that bonds were negotiable, as inland bills of exchange. It was also contended, that defalcation, by the act, is only where there are dealings between the parties. For the defendant, it was contended, that the act does not make them negotiable, as bills and notes are by the statute of 3 & 4
 
 Ann.,
 
 c. 9.
 

 It is plain, however, that the act was drawn from the statute, for in many places it follows it,
 
 totidem, verbis,
 
 though in others it varies. This shows the legislature intended, in those instances, to vary the law. Bills, in England, were negotiable, before the statute ; notes were only evidence of a debt; the statute was made to put them on the same footing with bills.
 

 The question is, whether the act of assembly has done the same as the statute ? He then compared the act with the statute, to show that it was drawn from the statute.
 

 The act however says, “ for the encouragement of trade, commerce, and creditthe statute adds,
 
 “
 
 and to make notes negotiable in the same manner as bills.” This is a material variance, and is carried through the act. The defendant relied on the words in the act, entitling the assignee to recover the money that should apoear to be due, in like manner as the obli-
 
 *29
 
 gee could. Here is the same variance as before ; for, by the statute, the assignee is to recover what shall be due,
 
 “
 
 in like manner as indorsee of a bill of exchange.” Had the act pursued the statute in these respects, or expressed the same meaning in other words, the plaintiff would be right.
 

 “ What shall appear to be due at the time of the assignment,” has been differently applied by the opposite counsel: The plaintiff’s counsel contended, that it meant what appeared to be due on the bond ; so that, if the bond should be paid, yet if payment was not indorsed, the assignee might recover the whole. The defendant contended, that the clause related only to the manner of proceeding, enabling the assignee to sue in his own name. We have considered this matter very deliberately, and are clearly of opinion, that the variance between the act and the statute, was intentional, not accidental. An argument of force with us, not mentioned by the defendant, arises from the wording of the act. . The words “ so much as shall appear to be due,” relate to the time of trial, and not to the time of the assignment; they are in the future tense.
 

 *It has been said, that it is the obligor’s fault not to have the pay-
 
 r*no
 
 ment indorsed on the bond; but it is not in his power, for the money *- must be paid before he is entitled to a receipt; and then, if the obligee is a bad man, he may refuse to indorse it.
 

 We are, therefore, clearly of opinion, that an assignee takes the bond at his own peril; and that he stands in the same place as the obligee, so as to let in every defalcation which the obligor had against the obligee, at the time of the assignment, or notice of the assignment,
 
 (a)
 
 The only intent of the act being to enable the assignee to sue in his own name, and preventing the obligee from releasing after assignment.
 

 Judgment for the defendant.
 

 (a)
 

 The rule laid down in this case by O. J. Chew has been recognised or adopted in all the subsequent decisions upon the subject, from Inglis v. Inglis (2 Dall. 45) down to McMullen
 
 v.
 
 Wenner (16 S. & R. 20). But it was said by Judge Gibson, in Davis v. Barr (9 S. & R. 141), not to have been carried farther, than to put the assignee in the place of the obligee as to
 
 defalcation
 
 and want of
 
 consideration.
 
 Therefore, it was held, that an assignee was not bound by an agreement, separate from the bond, but made on the same day, of which he was ignorant, by which the obligee bound himself “not to enter up judgment, nor get it done by anybody else,” 9 S. & R. 137. But a payment made by the obligor to the obligee, before
 
 notice
 
 of the assignment, is good against the assignee. Bury v. Hartman, 4 S.
 
 &
 
 R. 175; Brindle v. McIlvaine, 9 Id. 74. A promise by the obligor to the assignee, however, made
 
 before
 
 the assignment, binds him, and he will not be permitted afterwards to set up any defence, arising between him and the obligee. Carnes v. Field, 2 Yeates 541; Ludwick v. Croll, Id. 464; Weaver v. McCorkle, 14 S. & R. 304. And see Cook v. Ambrose, Addis. 323; Solomon v. Kimmel, 5 Binn. 232; Buchanan v. Taylor, Addis. 155; Rundle v. Etwein, 2 Yeates 23,