IT was admitted by the parties,* that on the 18th August 1783, Michael Gratz was seized in fee of the premises in ques *291 tion, (a bouse and lot of ground in Pittsburgh) and on the 5th March 1784, entered into an agreement with John Gibson, father of James Gibson, one of the defendants, to re-convey to him the premises, which had been formerly sold by the sheriff for his debts, on his payment of the monies which he had advanced for the purchase: that Gratz afterwards on the 4th September 1787, by deed conveyed the premises to the lessor of the plaintiff, who had been informed of the previous agreement between him' and Gibson. John Gibson assigned his interest in *this agreement to his son James, who was then about sixteen years old.
Cited in 2 Watts, 227, where it was decided that the statute of 13 Eliz. makes void a deed only as against creditors, but not against the party himself, his executors or administrators.
Messrs. J. Ross, Brackenridge and Galbraith, pro quer.
Messrs. Hamilton, Woods and Young, pro def.
The plaintiff’s counsel insisted, that this assignment to his son under age was fraudulent and void, and called on Robert Galbraith, esq. to give evidence of what he had heard the said John Gibson declare as to the same, previous to his being discharged from confinement by the insolvent act in 1788.
This was objected to; and by the Court, the general principle is well known, that no one shall be permitted to overturn or invalidate his own deed by his subsequent expressions. The assignment from Gibson to his son, though voluntary and fraudulent as to creditors, is yet binding as between the parties. This is not a contest wherein creditors are interested. The lessor of the plaintiff claims under his conveyance from Gratz, and it being admitted that he had notice of the previous agreement between him and Gibson, he is bound by it, and takes the premises cum oneré. 1 Ves. jr. 478. Perhaps this evidence might be proper, if a creditor of Gibson the father had obtained judgment against him after the 1st September 1784, and had sold the lands under the judgment. There, in a dispute between the vendee and the son, after laying all the circumstances before the court, and shewing reasonable grounds to induce an opinion that the assignment was fraudulent against creditors, the evidence would probably be admitted; but there is no ground to receive it in the present case, and therefore the testimony must be overruled.
A verdict was at length agreed to be entered for the plaintiff, and-the premises agreed to be conveyed to James Grier the assignee of the son, at a certain day, on his payment of a sum fixed upon by counsel.