74 . FELLOWS et al. Appellants *v.* LOOMIS et al.

Syllabus.                                        [156 Pa.

# Fellows et al. Appellants, *v.* Loomis et al.

[Marked to be reported.]

*Dower—Judicial sale—Fraud—Husband and wife—Equity.*

An agreement between a mortgagor and a mortgagee to effect a transfer of title in the mortgaged premises to a third party by foreclosure proceedings, in order to revest a greater portion of the land in the mortgagor free from an easement affecting the whole tract, is not invalid as an attempt to defeat the rights of the mortgagor's wife who had refused to join in a direct conveyance, if it appears that the value of the dower interest in the portion of the tract revested in her husband will be many times more than the value of her interest in the whole tract subject to the easement.

A tract of land covered by a mortgage was subject to an easement in favor of a railroad company which gave the company the right to deposit culm upon the whole tract. An arrangement was made between the owner and the company for a division of the tract, and a conveyance of about one third of it to the company in fee simple in consideration of the release of the remainder from the easement. The portion of the land thus released from the easement was to be divided into city lots, and would be many times more valuable than the whole tract subject to the easement. Notwithstanding these circumstances the owner's wife refused to join in the conveyance. An arrangement was then made between the mortgagor and the mortgagee by which the mortgage was to be used to bring about a judicial sale of the land either to the mortgagee or to some person agreed upon, who would convey to the railroad company the portion of the land which it was to have, and reconvey the remainder of the land to the mortgagor subject to the mortgage. The sale was effected, and title was taken in the name of the defendant who made the conveyance to the railroad company, and secured the release of the remainder of the tract from the easement, but refused to make conveyance to the mortgagor. In an action of ejectment by the mortgagor the court below held that the agreement between the mortgagor and the mortgagee was invalid as a fraud upon the mortgagor's wife, and that the action could not be sustained. *Held*, to be error; the case should have been submitted to the jury on the credibility of the evidence whether the vendee was an innocent purchaser without notice of the trust.

Argued Feb. 20, 1893. Appeal, No. 28, July T., 1892, by plaintiffs, Joseph Fellows et al., from judgment of C. P. Lackawanna Co., Oct. T., 1889, No. 358, on verdict for defendants, F. E. Loomis and John H. Fellows. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Ejectment for tract of sixty-two acres.

In addition to the facts stated in the opinion of the Supreme Court, plaintiff introduced evidence which tended to show that Loomis was employed as an attorney to advise and aid in carrying out the arrangement between Brown and plaintiff in regard to the sale of the property, and that Loomis took advantage of Brown's physicial condition to obtain from him an assignment of the judgment under which the property was sold.

Defendants testified that they had no knowledge of the arrangement between plaintiff and Brown. John H. Fellows, one of the defendants, was a vendee of a half interest in the premises from Brown.

The court charged in part as follows :

" You will remember that as part of the plaintiff's testimony, testified to by the plaintiff himself twice, first giving his own testimony, and, second, testifying to what Brown had testified to on his bed, it was testified that when the agreement between Storrs, as agent for the railroad company, and Fellows had been accepted, and [when Fellows was to make out the deed, he said that he found his wife would not sign the deed, and that it was proposed then to make title to the company to this land which was to be allotted to the company, in some other way, and that they would resort to a sheriff's sale, and that he went to Brown, and made the proposition to him, to divest the title of the wife, the interest of the wife, through a sheriff's sale, so that they could make a clear title to the company. Now, that comes out upon the part of the plaintiff himself, and if that was true, it was a fraud upon the wife, a fraudulent act. And if, in consequence of that fraud, the title which he had became vested in somebody else, he had no right to come into a court of equity to relieve him from his own fraud. He was not the judge of whether or not his wife's interest should be divested there. It may have been much, it may have been little, but whatever little it was the law guarantees to the wife, and he had no right to resort to this sheriff's sale to deprive her of it, and for that reason the verdict in this case must be for the defendants.] " [1]

Plaintiff's points were among others as follows :

" 3. That under all the evidence in this case, F. E. Loomis, the defendant, is not an innocent bona fide purchaser for an

adequate and valuable consideration, and therefore he purchased the property subject to the trust subsisting between Brown and the plaintiff. *Answer :* I decline to affirm that proposition. I cannot say that that was the fact. You see they ask me to charge you as matter of fact. I have the right to decline to do it, the facts are for the jury." [4]

" 7. If the jury believes that there was an understanding and agreement between the plaintiff and Sylvanus Brown that the property in question should be sold at sheriff's sale, for the purpose of conveying about sixteen acres of said property to the Delaware, Lackawanna & Western Railroad Company, in consideration of the said company releasing their right to cover the balance of said property with coal dirt, and that said Brown agreed to purchase said property at sheriff's sale, and to convey the said sixteen acres to said company for the consideration aforesaid, and then to convey the balance of said property to the plaintiff, and if they further believe that at the time of said understanding and agreement the plaintiff was the owner and in possession of said property, and that the plaintiff was induced to confide in the verbal promise and agreement of said Brown, and that in consequence the said Brown or F. E. Loomis, his assignee, was allowed to obtain the legal title to said property, the denial of the confidence by a refusal to convey the property as aforesaid, either by Brown, or F. E. Loomis, his assignee, is such a fraud as will convert him or F. E. Loomis, his assignee, into a trustee ex maleficio ; and the jury should find in favor of the plaintiff." Refused. [5]

" 8. If the jury believe the facts stated in the preceding point, and that in consequence of the confidence so reposed the plaintiff did not attend the sheriff's sale, and permitted F. E. Loomis, as the attorney in the matter, to purchase the property for a nominal sum, his refusal to convey the property according to the agreement between Brown and the plaintiff is such a fraud as will convert him into a trustee ex maleficio, and the jury should find for the plaintiff." Refused. [6]

" 12. If the jury believe that F. E. Loomis was employed as an attorney by the plaintiff to advise, aid or operate in carrying out the arrangement between Brown and the plaintiff, in regard to the property in question, then he is disqualified by law from purchasing the property denuded of the trust, and he holds the

title to said property as trustee for the plaintiff, and the jury should find in favor of the plaintiff. *Answer :* I decline to affirm that proposition, for the reason that there is not sufficient evidence to sustain the alleged fact upon which it is based." [10]·

"16. If the jury believe that F. E. Loomis was the attorney in the writ of execution upon which the property was sold, and that he purchased the property at such sale for a less sum than the amount of the client's debt, this would give rise to an implied trust, and such a trust would appear on the record, and a subsequent purchaser would have constructive notice of it, and take subject to the trust; therefore the verdict should be against both defendants. *Answer :* I decline to affirm that proposition. It appears from the record that Loomis was the assignee of the judgment before the sheriff's sale." [13]

Defendant's points were among others as follows :

2. Request for binding instructions. Refused. [2]

"3. That the arrangement testified to by Joseph Fellows between himself and Brown was in fraud of Mrs. Fellows and cannot be enforced in law." Affirmed. [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–6, 10, 13) instructions, quoting them.

*C. Smith, H. A. Knapp* with him, for appellant.—A husband who confesses a judgment for an honest debt cannot be guilty of a fraud on a wife's dower: Pringle v. Pringle, 59 Pa. 281; Pritts v. Ritchey, 29 Pa. 77; Killinger v. Smith, 6 S. & R. 531; Chesterfield, Exr., v. Janssen, 2 Ves. Sr. 155.

If it were conceded that the stipulation of trust is fraudulent or illegal, defendants cannot accept its fruit and reject its burden: Mundorff v. Wickersham, 63 Pa. 87; Broom's Legal Maxims, 632; Hovil v. Pack, 7 East, 164; Coleman v. Stark, 1 Oregon, 115; Hill on Trustees, *215.

If the trust agreement between Brown and plaintiff should be held to be a fraud on the wife's right of dower, the forfeiture arising from such fraud should extend only to the sixteen acres of land which the plaintiff agreed to convey to the company: Nichol v. Walworth, 4 Denio, 385; Doe v. Nicholls, 1 B. & C. 336; Doe v. Eedin, 4 A. & E. 582.

The trust could not be delegated to another: Roe v. Sanborn, 23 L. R. 17; Broom's Legal Maxims, 665; Hawley v. Cramer, 4 Cow. 721.

Even though it is held that the sale would pass the legal title to the trustee, still plaintiff would remain the cestui que trust of the whole property. And as the wife of the cestui que trust is dowable, Shoemaker v. Walker, 2 S. & R. 554, the sale would not affect the wife's right of dower.

Even if Brown was but the agent of plaintiff instead of his trustee, his act of assignment of the power of sale, being an act beyond his authority, would be void, even against a bona fide purchaser: Rolland v. Vinton, 105 U. S. 998; Delafield v. State, 26 Wend. 192; National Iron Co. v. Bruner, 4 C. E. Green, 145.

As attorney in the trust he is presumed to know its existence: Herman on Ex. 488. As such attorney he could not deal with Brown at all. The rule is, an attorney " may contract with his principal where the principal is acting in his own right, and not as an agent or trustee for another : " Hawley v. Cramer, 4 Cow. 721; Spencer's Ap., 80 Pa. 332; Diller v. Brubaker, 52 Pa. 505.

As an assignee of the trust judgment, he was in duty bound to inquire of Joseph Fellows for all defences : Henry v. Brothers, 48 Pa. 72; Mott v. Clark, 9 Pa. 401 ; Wetherill's Ap., 3 Grant, Pa. 284 ; Cook v. Tulls, 18 Wal. 332.

He paid no consideration for the judgment: Lloyd v. Lynce, 28 Pa. 419 ; Forney v. Benedict, 5 Pa. 227 ; Balsbaugh v. Fraser, 2 Ves. 125 ; Spencer v. Janssen, 2 Ves. 125 ; James v. Morgan, 3 Lev. 157.

The notice served on plaintiff by the railroad company, prior to the arrangement in question, that they required the whole of the property for their use, was an absolute appropriation of the entire property, and plaintiff had no interest in it, other than a possible reversion in fee. And of such an estate his wife is not dowable : Durando v. Durando, 9 A. L. Reg. (O. S.) 630 ; Shoemaker v. Walker, 2 S. & R. 554 ; Killinger v. Smith, 6 S. & R. 531 ; Grace v. Crasdale, 1 Yeates, 75 ; Killenger v. Smith, 6 S. & R. 531 ; Butts v. Ritchey, 29 Pa. 77.

Fraud cannot exist without an injury, and as plaintiff's wife was not injured, but on the contrary highly benefited by the ar-

rangement, fraud was neither intended nor committed : Story's Equity Jur. 187 ; Spencer v. Janssen, 2 Ves. 125 ; Conrad v. Nicoll, 4 Pet. 291 ; Phipps v. Buckman, 30 Pa. 401 ; Gregg v. Lessee, 8 Pet. 253 ; Gannow v. Davis, 10 N. Y. L. Obs. 223.

Whenever there is a substantial doubt as to the facts, or as to inferences to be drawn from them, the question is for the jury : Goshonn v. Smith, 92 Pa. 435 ; Crussey v. R. R., 75 Pa. 83 ; P. R. R. v. Barnett, 59 Pa. 259 ; Johnson v. Bruner, 61 Pa. 58 ; McKee v. Bidwell, 74 Pa. 218 ; Gaynor v. R. R., 100 Mass. 208 ; Patterson v. Wallace, 1 Macq. H. L. 748 ; Morgan v. Brooklyn, 38 N. Y. 455 ; R. R. v. McElwee, 67 Pa. 311 ; Killenger v. Smith, 6 S. & R. 531 ; Reese River Co. v. Smith, L. R. 4 H. L. 73 ; Upton v. Englegart, 3 Dill. 496 ; Shenk v. Endress, 3 W. & S. 255 ; Fairbanks v. Blackington, 9 Pick. 93 ; Dyer v. Hamer, 22 Pick. 253 ; Evans v. Dravo, 24 Pa. 62 ; Holman v. Johnson, 1 Cowp. 341.

Where the parties, though participes criminis, are not in pari delicto, plaintiff may recover : Woodman v. Hubbard, 5 Foster, 67 ; Adams v. Gay, 19 Vt. 358 ; Schermerhorn v. Talmau, 4 Kern. 123 ; Atlas Bank v. Nahant Bank, 7 Metc. 581 ; Tracy v. Talmage, 4 Kern. 162 ; Smith v. Bromley, 2 Doug. 695 ; Smith v. Cuff, 6 M. & Sel. 160 ; Horton v. Reily, 11 M. & W. 492.

Equity will enjoin the performance of an illegal contract, on complaint of a party to it, in pari delicto : St. John v. St. John, 11 Ves. 535 ; Reynolds v. Sprye, 1 De G. M. & G. 650 ; McAlister v. Hoffman, 16 S. & R. 147 ; Cotton v. Thurland, 5 T. R. 405 ; Smith v. Blackmore, 4 Taunt. 474 ; Varney v. Kukman, 5 C. B. 271 ; Hodson v. Terrill, 1 Car. & M. 802 ; Starke v. Littlepage, 4 Barb. 372 ; Tenant v. Elliot, 1 H. & P. 3 ; Farmer v. Russell, 1 B. & P. 296 ; Johnson v. Lansley, 12 C. B. 468 ; Bourfield v. Wilson, 16 L. R. Ex. 44.

When a defendant is called to an accounting in a court of justice for a breach of trust, he is never permitted to set up that the fraud, or that the property, as to which he is called to an account, was created in some illegal or fraudulent way : Brooks v. Martin, 2 Wal. 70 ; McBlair v. Gibbs, 17 How. 232 ; Barney v. Saunders, 16 How. 543 ; Farkney v. Reymons, 4 Burr. 2069 ; Petrie v. Hannay, 3 T. R. 418 ; Armstrong v. Taylor, 11 Wheat. 258 ; Thompson v. Thompson, 7 Ves. 470 ; Farmer v. Russel, 1 B. & P. 296 ; Sharp v. Taylor, 2 Phil. Ch. 801 ; Tenant v.

Elliot, 1 B. & P. 3; Reice v. Peet, 15 Johns. 503; Ford v. Harrington, 2 Smith, N. Y. 285; Merritt v. Millard, 4 Keyes, 38; Woodworth v. Bennett, 43 N. Y. 273; Place v. Hayward, 117 N. Y. 486; Lane v. Shackford, 5 N. H. 133; Kidder v. Hunt, 1 Pick. 328; Sherman v. Fuller, 5 Mass. 133; Boyd v. Stone, 11 Mass. 342; Manor v. Pyne, 2 Car. & P.      ; Richards v. Allen, 17 Me. 298; Holbrook v. Armstrong, 10 Me. 31; Freeport v. Bartol, 3 Me. 340; Lestapies v. Ingraham, 5 Pa. 81; Fox v. Cash, 11 Pa. 207; Paley, Agency, 5, 27; Hipple v. Rice, 28 Pa. 406; Squire's Ap., 70 Pa. 566; Wann v. Kelly, 5 Fed. R. 584; Nash v. Ash, 1 Eden, 379; Watts v. Brooks, 3 Ves. 612; Atlas Bank v. Bank, 7 Metc. 581; Bulmer's Case, 13 Ves. 316; Wright v. Pipe Line Co., 101 Pa. 206; Oil Creek & Allegheny River R. R. Co. v. Pa. Transportation Co., 160.

Aside from the principle which precludes all persons who are not injured by the alleged fraud from setting it up as a right of action or defence, and aside from the fact that defendants are the real perpetrators of the alleged fraud, as they have received and accepted the title under the arrangement, even if fraudulent, they are estopped from taking advantage of it: Wetherell v. Jones, 3 B. & Ald. 221; Smith v. Mawhood, 14 M. & W. 452.

Where plaintiff does not require the aid of the illegality to make out his case, defendant will not be allowed to allege his own wrong in his defence: Evans v. Dravo, 24 Pa. 62; Hendrickson v. Evans, 25 Pa. 441; Mohney v. Cook, 26 Pa. 349; Taylor v. Plumer, 3 M. & Sel. 574; Catts v. Phalen, 2 How. 377.

*H. W. Palmer* and *H. M. Hannah, S. B. Price* with them, for appellees.—A promise to purchase at a sheriff's sale, for the benefit of the defendant in the execution, will not constitute the purchaser a trustee for him, unless the purchases were made with the money of the defendant: Kellum v. Smith, 33 Pa. 158; Bennett v. Dollar Saving Bank, 87 Pa. 282; Fricke v. Magee, 10 W. N. 50; Cowperthwaite v. Bank, 102 Pa. 397; Kellum v. Kellum, 94 Pa. 225.

The arrangement was a fraud upon plaintiff's wife: Evans v. Dravo, 24 Pa. 65; Killinger v. Reidenhauer, 6 S. & R. 531; Hendrickson v. Evans, 25 Pa. 441; Bennett v. Dollar Savings

Bank, 87 Pa. 385; Gill v. Henry, 95 Pa. 388; Johnson v. Harvey, 2 P. & W. 82; McKee v. Gilchrist, 3 Watts, 230; Reichert v. Castator, 5 Bin. 111; Sickman v. Lapsley, 13 S. & R. 224; Eyrick v. Deppen, 13 Pa. 488; Huey's Ap., 29 Pa. 219; Murphy v. Hubert, 16 Pa. 50; Telford v. Adams, 6 Watts, 429; Blystone v. Blystone, 51 Pa. 373.

In a case resting upon the principles of equity, a recovery on the uncorroborated testimony of one witness will be refused: Brawdy v. Brawdy, 7 Pa. 159; Juniata Building Asso. v. Hetzel, 103 Pa. 513; R. R. v. Swank, 105 Pa. 561; Brickell v. Early, 115 Pa. 473.

An agreement with the owner of real estate to buy it in when sold at sheriff's sale, and to reconvey it upon the performance of certain conditions, does not make the purchaser a trustee for the defendant in execution: Jackman v. Ringland, 4 W. & S. 149; Barnet v. Dougherty, 32 Pa. 372; Kellum v. Smith, 33 Pa. 158; Bennett v. Dollar Savings Bank, 87 Pa. 382; Kistler's Ap., 73 Pa. 398.

OPINION BY MR. JUSTICE WILLIAMS, July 19, 1893:

There are twenty-two assignments of error in this case, but they relate to three principal questions. These grow out of an agreement made between Fellows, then the owner of the land in controversy, and Brown, who held a mortgage covering the land. It appears that the tract of land was subject to an easement, or servitude, in favor of the Delaware, Lackawanna & Western Railroad Company, which gave the company the right to deposit culm upon it. An arrangement had been made between Fellows and the company for a division of the tract, and a conveyance of about one third of it to the company in fee simple, in consideration of the release of the remainder from the servitude. This would give Fellows an opportunity to subdivide the tract into city lots, and enable him to sell them for building purposes, and it would restrict the deposit of culm within fixed and ascertained limits. In order to carry this arrangement with the railroad company into effect, it was necessary to relieve so much of the tract as was to be conveyed to the company in fee from the lien of Brown's mortgage, and from the right of dower of Mrs. Fellows, who was living at this time apart from her husband. She was approached upon

the subject of joining her husband in a conveyance, clearly to the advantage of both of them, of the part of the tract which the railroad company was to accept as the consideration for the release of the remainder from the right to cover it with culm, but she refused to join. After her refusal he consulted with friends, and obtained legal advice, as to the practicability of carrying out the arrangement without the co-operation of his wife. As a result of such consultation a plan was devised. The mortgage of Brown was to be used to bring about a judicial sale of the tract, to which Brown or some person to be agreed on should take the title, convey the piece the railroad company was to have, to it, and reinstate Brown's mortgage on the remainder which was then to belong to Fellows.

The questions arising under this agreement between Brown and Fellows may be stated thus : What was the effect of the agreement upon the parties to it ? What was its effect upon the wife of Joseph Fellows ? What was its effect upon Loomis, who was the vendee of Brown, and became the purchaser at the sheriff's sale ? Proceedings were begun upon the mortgage for the purpose of carrying this agreement into effect while Brown remained the owner of the mortgage. Before the sheriff's sale was effected Loomis purchased the mortgage from Brown and proceeded to bring the property to sale. He became the purchaser. He carried out the arrangement by making the conveyance to the railroad company, and securing its release or deed for the remainder of the tract, exactly upon the lines of the agreement made by Fellows; but when he was called upon to reconvey, subject to the mortgage debt, he refused to do so, and, claiming to be the absolute owner of the property, denied the right of Fellows to either the land or an account. This action was brought to determine whether the position so taken by Loomis was tenable.

The first point to be determined relates to the legal effect of the contract between Brown and Fellows for the use of the mortgage, as a means of making title to the railroad company. The position of the plaintiff is that the proceeding on the mortgage was not adverse but for the benefit of Fellows ; and that in making such use of it he became a trustee under the terms of his agreement with Fellows. The learned judge of the court below took the same view of this question, and in an

swer to the first point submitted on the part of the plaintiff instructed the jury that the testimony of Brown and Fellows, corroborated by that of Storrs and by the circumstances disclosed by the evidence, was sufficient to establish a trust relation between mortgagee and mortgagor in relation to the property owned by the mortgagee. He went still farther in his answer to the plaintiff's second point, and told the jury, "If Brown was a trustee he had no right to transfer the judgment," to Loomis, if the judgment was given to enable Brown to carry out the purpose of his agreement with Fellows, viz., to bring the property to a sheriff's sale. These instructions left Loomis, the vendee of Brown, in the same relation of trust to Fellows that his vendor occupied, unless he could show himself to be an innocent purchaser without notice, actual or constructive, of the trust. The case was then for the jury upon the credibility of the evidence which the learned judge had told the jury would, if credited, create the trust relation; and upon the position of Loomis as a purchaser at the sheriff's sale. If he bought with notice of the trust, he took the same title Brown would have taken, and became a trustee for Fellows under the terms of the original agreement.

Notwithstanding this disposition of the first and third of the questions raised, the learned judge withdrew the case from the jury under the view taken by him of the second. He held as a matter of law that the contract between Brown and Fellows was absolutely void, and incapable of enforcement in a court of law, because its effect was to divest the right of dower of Mrs. Fellows, without her consent, from so much of the land as was conveyed to the railroad company. It did not matter in the view of the learned judge that her refusal to join her husband in the deed left the tract of comparatively little value to her husband or herself; nor that her refusal was unreasonable and ill natured; nor that the arrangement made, more than quadrupled the market value of the interest of both her husband and herself in the tract. The mere fact that the arrangement dispensed with her consent, by substituting the lawful mode of procedure upon a mortgage to bring the property to a judicial sale, in the place of the deed of husband and wife, was held to be a fraud of such flagrant character as to deprive the court of

the power to restrain or correct the conduct of a trustee, who was alleged to be appropriating the entire trust estate.

It was a conceded fact in the cause that the part of the tract that was to be secured by Fellows was of much greater market value than the entire tract while remaining subject to the servitude in favor of the railroad company. It is clear upon the face of the record that, if there is a recovery in this action, the right of dower of Mrs. Fellows in the land so recovered will be worth many times what her right of dower was worth before the arrangement with Brown had been made by her husband. Unless there is a recovery her right of dower is absolutely gone.

The logical result of the ruling in the court below is to punish the husband for divesting his wife's dower interest in one third of the land without her consent, by extinguishing her dower in the other two thirds. The assignments of error relating to the second question, the effect of the arrangement between Brown and Fellows on Mrs. Fellows, are sustained. This case was improperly taken from the jury. Mrs. Fellows was not defrauded but benefited against her will, if the facts be as they seem to be conceded to be. As to the effect of the arrangement with the railroad company on the value of the two thirds that remained to Fellows, and the fact that Fellows has increased the value of his wife's dower many times over, against her will or even in the face of her protest, is no reason why the doors of a court of justice should be closed against him and he refused a hearing upon the merits of his cause of action. We express no opinion upon the facts, for they are before us only as they relate to the legal questions presented. A jury must pass upon them. So far as we can now see, the question on which this case turned upon the trial is not an important one. The first and third questions, i. e. the relation existing between Brown and Fellows under their contract to employ Brown's mortgage to make title to the railroad company, and so secure to Fellows a portion of his land in a marketable state of the title, and the position of Loomis as assignee of the mortgage, and the purchaser at sheriff's sale, are the questions on which this case depends, and it goes back that it may be tried upon them.

The judgment is reversed and a venire facias de novo awarded.