# Fellows  *v.*  Loomis, Appellant (No. 1).

*Ejectment—Equitable ejectment—Trusts and trustees—Accounting—Appeals.*

Where in an equitable ejectment to enforce a trust the Supreme Court reverses a judgment for defendants, and awards a venire facias de novo that a verdict may be rendered recognizing and executing the trust in accordance with the principles enunciated in the appellate court, the defendants on the new trial thus awarded will not be permitted to prove that the evidence on which the judgment of the Supreme Court for an account was founded, was, in fact, false and fraudulent.  The time to prove that was on the former trial.

In such a case where it appears that one of the defendants had become a party to the suit on his own petition and participated in the former trial, he will not be permitted on the subsequent trial to show that he had bought a portion of the land charged with the trust as an innocent purchaser, and without any notice of the trust.  Such defendant had his day in court at the former trial.

Argued Feb. 24, 1902.    Appeal, No. 175, Jan. T., 1901, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1889, No. 358, on verdict for plaintiff in case of Joseph Fellows, Cornelius Smith, Margaret A. Smith, J. Stanley Smith and Winfield Fellows v. F. E. Loomis and John H. Fellows.  Before McCollum, C. J., Mitchell, Dean, Brown and Mestrezat, JJ.  Affirmed.

Ejectment for land in the city of Scranton.  Before Gordon, P. J., specially presiding.

For the facts of the case, see Fellows v. Loomis, 170 Pa. 415,

At the trial the court rejected evidence offered by defendants to prove that the story presented to the court on the former trial of the case, to the effect that the sheriff's sale of the property was made at the instance, and for the purposes of Joseph Fellows, was contrived between plaintiff and his counsel. [1]

The court also rejected evidence offered by the defendants to show that the purchase of a one-half interest in the property in question was made by John H. Fellows for a valuable consideration after the sheriff's sale to Loomis, and without notice of any equities or claims in favor of the former owner of the land.

Plaintiff presented this point:

5. That the defendants are entitled to recover only whatever expenses have been lawfully incurred by F. E. Loomis, the trustee, acting for the best interests of the plaintiffs, together with the actual amount of money which he paid for the mortgage and judgment, to wit: the sum of $2,800, with interest from the date of the purchase. *Answer:* This point as a whole is refused. The first part of it is not correct. As before explained, the credit to be given on account of the mortgage is $2,800 paid for it, and not for the face of the mortgage, $3,500 and interest. The defendants being adjudged trustees, and claiming credit on account of the purchase of the mortgage, they are to be taken as having acted for the owners, the plaintiffs, and as a result, the plaintiffs are entitled to the profit made in the purchase of the mortgage, and the defendants are entitled to credit for what they paid for it, as of the time the payment was made. That is to say, they are entitled to $2,800, and interest thereon from the time they paid it.

Verdict and judgment for plaintiff for $2,938.04. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) above instruction, quoting it.

*H. W. Palmer* and *H. M. Hannah,* with them *S. B. Price,* for appellants.

*John G. Johnson* and *Joseph A. Culbert,* with them *Cornelius Smith* and *George M. Watson,* for appellees.

PER CURIAM, January 5, 1903:

When this case was here on an appeal from the judgment entered at the second trial, 170 Pa. 415, the facts were reviewed in detail by the late Justice WILLIAMS, from which it clearly appeared that Loomis, one of the present appellants, was a trustee of the land in controversy. The judgment was reversed and a venire facias de novo awarded, that a verdict might be rendered recognizing and executing the trust in accordance with the principles enunciated in the opinion of the court. On the new trial so awarded, the learned judge below understood just what was intended by our former opinion, and properly refused to

allow the defendants to prove that the evidence on which the decree for the account was founded, was, in fact, false and fraudulent. The time to have proved that was on the second trial; it was not an open question on the last. In reversing the judgment our decree was, with the evidence before us, that a trust existed and that the trustee would have to execute it.

John H. Fellows, the other appellant, complains that he was not allowed to show that he ought not to be required to account because he had bought a portion of the land as an innocent purchaser and without notice of any equity in favor of Joseph Fellows; but he had become a party to this suit on his own petition and participated in the former trial. He then had his day in court. Our decree, which was a final one, included both defendants. Subsequently, on their joint petition for reargument, we refused to disturb the decree, and no error was committed in confining John H. Fellows to his duty to account.

As Loomis paid but $2,800 for the mortgage, which he purchased as trustee, he could not speculate on it at the expense of his cestui que trust. He was entitled to credit simply for what he had paid for it, with interest, and not for $3,500, the face of the mortgage, with interest.

Appeal dismissed at appellants' costs.